HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL UNDERWATER DIVE & EXPLORATIONS LLC, *et al.*,

   Plaintiffs,

   v.

BOART LONGYEAR COMPANY, *et al.*,

   Defendants.

Case No. C16-1831-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs International Underwater Dive & Explorations, LLC and Vernon W. Officer, Jr.'s Motion to Appoint Counsel (Dkt. # 12) and Motion for Extension on Counsel (Dkt. # 13).  For the reasons that follow, the Court **DENIES** Plaintiffs' motions.

## II.  BACKGROUND

In this action, Plaintiffs allege an array of misconduct by numerous individuals, entities, and government institutions, including Boart Longyear Company ("BLC"), Richard P. Parkin, Ace American Insurance, Robert G. McCarthy, the Internal Revenue Service, and the Department of Homeland Security.  The Court describes the facts as Plaintiffs allege them in the complaint, suggesting no opinion on whether these allegations will prove true.

In short, Plaintiff Vernon W. Officer, Jr. is the C.E.O. of a corporation called

ORDER – 1

International Underwater Dive & Explorations, LLC ("Underwater Dive").  On November 28, 2014, the driver of a vehicle owned by BLC fell asleep at the wheel and caused an accident severely injuring Mr. Officer and damaging Underwater Dive's property.  Dkt. # 1 at 5.  In the aftermath of this accident, certain Defendants named in this action mistreated and exploited Mr. Officer and Underwater Dive in numerous ways.  *Id.* at 5-7.  As a consequence, Mr. Officer was wrongfully incarcerated.  *Id.*

Plaintiffs both appear *pro se*.  On November 30, 2016, the Court entered an order stating that corporations cannot appear in federal court except through an attorney.  Dkt. # 6.  The Court directed Underwater Dive to obtain counsel no later than December 30, 2016, or face *sua sponte* dismissal of its claims.  *Id.*  On December 13, 2016, the Court granted Underwater Dive an extension to secure counsel, ordering that it must do so by February 21, 2017.  Dkt. # 9.

On February 3, 2017, Plaintiffs filed a motion requesting that the Court appoint counsel to represent Underwater Dive.  Dkt. # 12.  On February 17, 2017, Plaintiffs filed a motion reiterating their request for counsel, emphasizing Mr. Officer's indigence and lack of legal skills, and requesting a one-year extension to secure counsel.  The Court will construe these motions as requesting the appointment of counsel for Underwater Dive, as well as Mr. Officer in his individual capacity.

### III.  DISCUSSION

Plaintiffs both request that counsel be appointed.  This is a civil action and, as a general matter, Plaintiffs have no right to counsel.  *See, e.g.*, *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.* (brackets omitted) (quoting *Weygandt v. Look*, 718 F.2d 952,

ORDER – 2

954 (9th Cir. 1983)).  The Court, however, lacks authority to appoint counsel to represent a corporation.  *See, e.g.*, *Specialty Vehicle Acquisition Corp. v. Am. Sunroof Corp.*, No. 07-13887, 2008 WL 344546, at *2 (E.D. Mich. Feb. 7, 2008) ("There is no provision in a statute, the Federal Rules of Civil Procedure, or the Local Rules allowing this Court to appoint counsel for a corporation in a civil matter.").

As noted, the Court lacks authority to appoint counsel to represent a corporation.  Accordingly, the Court **DENIES** Underwater Dive's motion to appoint counsel, including its request for a one-year time extension.  As Underwater Dive has not complied with the Court's order directing that it secure counsel by February 21, 2017 (Dkt. # 9), the Court *sua sponte* **DISMISSES without prejudice** all claims alleged by Underwater Dive.

The Court also **DENIES** Mr. Officer's motion.  He maintains that counsel should be appointed because he cannot afford to hire an attorney.  He maintains that his lack of funds is attributable to Defendants' misconduct in damaging and misappropriating his property.  He also notes that he lacks the bar certification necessary to represent his interests.  Indigence and lack of legal skills, however, are not exceptional circumstances that warrant the appointment of counsel.  *See, e.g.*, *Mahoney v. Kitsap Cty. Jail*, No. C10-5140 RBL/KLS, 2010 WL 3239318, at *1 (W.D. Wash. Aug. 16, 2010).  The Court has reviewed the complaint and attached exhibits.  Having done so, the Court finds that Mr. Officer has not demonstrated that the legal issues underlying this matter are so complex that he is unable to articulate his claims *pro se*.  Thus, he has not met the requisite standard for appointment of counsel and his motion must be denied.

\\
\\
\\
\\
\\

ORDER – 3

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Underwater Dive and Vernon W. Officer, Jr.'s Motion to Appoint Counsel (Dkt. # 12) and Motion for Extension on Counsel (Dkt. # 13).  The Court *sua sponte* **DISMISSES without prejudice** all claims alleged by Underwater Dive.

DATED this 10th day of March, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4